```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

BRANDON J. FRITZ,                :
                                 :   Civil Action No. 12-4342 (FLW)
         Petitioner,             :
                                 :
     v.                          :   **MEMORANDUM OPINION**
                                 :
STATE OF NEW JERSEY, et al.,     :
                                 :
         Respondents.            :

**APPEARANCES:**

Petitioner pro se
Brandon J. Fritz
New Jersey State Prison
Trenton, NJ  08625

**WOLFSON**, District Judge

Petitioner Brandon J. Fritz, a prisoner confined at New Jersey State Prison at Trenton, New Jersey, has filed a Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for aggravated sexual assault, kidnapping, and burglary.

A.   The Filing Fee

The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the

petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  Local Civil Rule 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis.  Accordingly, this action will be administratively terminated for failure to satisfy the filing fee requirement.  Petitioner will be granted leave to apply to re-open by either prepaying the $5 filing fee or submitting a complete application for leave to proceed in forma pauperis, to be accompanied by the required certification as to his institutional account.

B.   The Lack of a Proper Respondent

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  See also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

"[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."  Wales v. Whitney, 114 U.S. 5674, 574 (1885) (emphasis added).

> In accord with the statutory language and Wales' immediate custodian rule, longstanding practice confirms that in habeas challenges to present physical confinement - "core challenges" - the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

Rumsfeld v. Padilla, 542 U.S. 426, 434-436 (2004) (citations omitted).

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts provides similar guidance.

> **(a) Current Custody: Naming the Respondent**.  If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.
>
> **(b) Future Custody: Naming the Respondents and Specifying the Judgment**.  If the petitioner is not yet in custody - but may be subject to future custody - under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered.  ...

Rule 2(a) and (b), Rules Governing Section 2254 Cases.

Thus, under the circumstances of this case, the warden of the facility where the petitioner is held is an indispensable

3

party respondent, for want of whose presence the petition may not proceed. Under the circumstances of this case, where Petitioner is presently confined pursuant to the challenged conviction, neither the State of New Jersey nor the Attorney General of New Jersey is a proper respondent. Accordingly, Petitioner will be granted leave to apply to re-open and to file an amended petition naming a proper respondent.

C.   "Mason" Notice

This Court is required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of the following consequences of filing a § 2254 Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and to give Petitioner an opportunity to file one all-inclusive § 2254 Petition.

Under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Petition all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d).

If Petitioner intends to proceed with his one all-inclusive § 2254 petition, he may apply to re-open this matter,

4

accompanying such application as advised above with (a) either the $5 filing fee or a complete application for leave to proceed in forma pauperis, and (b) a proposed amended petition naming a proper respondent and asserting all his grounds for relief from the challenged judgment of conviction.

If Petitioner chooses to proceed with a proposed amended petition as permitted above, then Petitioner will lose the ability to file a second or successive petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances.

This Court makes no finding as to the timeliness of the Petition as filed.

## CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate the Petition without prejudice.  Petitioner will be granted leave to apply to re-open within 30 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis and by accompanying such application with an amended petition naming a proper respondent and asserting all grounds for relief.

An appropriate Order will be entered.

                                    s/Freda L. Wolfson
                                    Freda L. Wolfson
                                    United States District Judge
Dated: July 16, 2012